■ REPUBLIC NATIONAL BANK OF NEW YORK, Respondent, v ROSELLA ZACCOLI et al., Defendants. MICHAEL PEREZ, Nonparty Appellant. [846 NYS2d 587]—

In an action to foreclose a mortgage, nonparty Michael Perez, the purchaser of the subject real property at the foreclosure sale, appeals, as limited by his brief, from so much of an order of the Supreme Court, Richmond County (Maltese, J.), dated December 7, 2006, as, upon denying the plaintiff's motion, inter alia, to declare Perez in default of a contract for the sale of the subject real property and to schedule a new foreclosure sale, directed him to close title within a specified period of time.

Ordered that the order is affirmed insofar as appealed from, with costs.

A judgment of foreclosure and sale was granted to the plaintiff on February 16, 2005. At the sale, the nonparty appellant, Mi-

chael Perez, successfully bid $547,000 for the property. The appellant paid a 10% deposit, but failed to close on the sale, asserting that his title insurer raised several exceptions to clear title to the property.

The plaintiff and the appellant then agreed that a second title insurer would investigate the defects. After its investigation, the second insurer issued a commitment to insure clear title. However, the appellant still refused to close.

The plaintiff then moved, inter alia, to declare the appellant in default and to schedule a new foreclosure sale. In opposition, the appellant argued that due to procedural defects, the judgment of foreclosure and sale was void, and that he should not be required to close because the defects rendered title unmarketable. The court denied the plaintiff's motion and directed the appellant to close title within a specified period of time. On appeal, the appellant contends that the judgment of foreclosure and sale was void, and that he should not be required to close because of defects in the title.

The appellant failed to demonstrate that he could not be provided with marketable title. Accordingly, the Supreme Court providently exercised its discretion in directing the appellant to close title. Spolzino, J.P., Krausman, Carni and Dickerson, JJ., concur.